Schmidt vs. The Menasha Woodenware Co.

SCHMIDT, Administratrix (STAEFFLER, Administrator, Appellant), vs. MENASHA WOODENWARE COMPANY, Respondent.

*March 25 — April 12, 1898.*

*Action for causing death: Survival of right of action.*

1. The right of action given by secs. 4255, 4256, R. S. 1878, to certain beneficiaries therein named is personal, and the damages are limited to a mere indemnity for the pecuniary injury resulting therefrom to such beneficiary, and the action therefor does not survive the death of such beneficiary, but abates upon his death and cannot be revived in favor of his administrator.

2. The right of a widow under that statute is not a vested property right and does not survive to her heirs under sec. 4253, R. S. 1878.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

In July, 1894, one Christ Schmidt was killed by an explosion in defendant's factory, under circumstances alleged to be such as to render it liable therefor. Afterwards his widow was appointed administratrix of his estate, and commenced this action to recover damages, under the statute, for her husband's death. Pending the action, she married one *C. W. Staeffler,* by whom she had one child now living. On December 28, 1896, the widow died. *Staeffler* was appointed the administrator of her estate, and of her former husband's estate, and upon proper petition seeks to have this action revived in his name as administrator of the two estates, and asks leave to file a new complaint. The court

denied his petition, and struck his supplemental complaint from the files. *Staeffler*, feeling aggrieved, appeals from the order thus entered.

For the appellant there was a brief by *J. C. Kerwin*, and oral argument by *T. L. Gill*. They argued, among other things, that the action given by the statute becomes as to the beneficiary a vested property right and descends to her heirs. It survives under sec. 4253, R. S. 1878, as being for " other damage to the person; " also under sec. 3252, R. S. 1878, as being one done to property rights or interests. *Quin v. Moore*, 15 N. Y. 432; *Potter v. C. & N. W. R. Co.* 21 Wis. 372; *Castello v. Landwehr*, 28 id. 532; *Lawson v. C., St. P., M. & O. R. Co.* 64 id. 447; *Tuteur v. C. & N. W. R. Co.* 77 id. 503; *Lehmann v. Farwell*, 95 id. 185; *Norton v. Sewall*, 106 Mass. 143; *Cutter v. Hamlen*, 147 id. 471; *Mason v. U. P. R. Co.* 44 Am. & Eng. R. Cas. 449.

For the respondent there was a brief by *Felker, Stewart & Felker*, and oral argument by *F. C. Stewart*.

BARDEEN, J. Under the common law, the right to prosecute the defendant for its alleged negligence in causing the death of Schmidt did not survive. But the wisdom of the legislature has provided that the offending party shall not escape responsibility. Secs. 4255, 4256, R. S. 1878, give a new action, in this case, to the widow, and a right to recover such damages as the jury may deem fair and just in reference to the pecuniary loss to her resulting from such death. The damages that could be recovered are limited to a mere indemnity for the resulting injury to the widow. *Regan v. C., M. & St. P. R. Co.* 51 Wis. 599; *Topping v. St. Lawrence*, 86 Wis. 526. Such damages do not go to the estate of the deceased, but to the beneficiary named in the statute. *Gores v. Graff*, 77 Wis. 174. The theory of the statute as interpreted by the decisions is that certain beneficiaries named therein, who have sustained an injury by reason of the wrong-

ful death, are entitled to be recompensed for the actual loss sustained. The fact that certain beneficiaries named therein take to the exclusion of others would seem to indicate that the legislature never intended that the provisions should inure to the benefit of persons *not* named therein. It is in harmony with this construction that this court held in the *Topping Case* that a complaint was demurrable that did not show that there were beneficiaries in existence who had sustained some pecuniary injury resulting from such death. This construction is emphasized by the last clause of sec. 4256, which limits the recovery to such sum, not exceeding $5,000, as the jury may deem fair and just "in reference to the pecuniary injury resulting from such death to the relations of the deceased specified in this section." The right to recovery, therefore, is personal, and dependent upon pecuniary loss.

Moreover, the action must be brought by and in the name of the personal representatives of such deceased person. There is no authority for its maintenance by any other person. Here the petitioner seeks to revive this action in his name as administrator of the widow, as well as in his name as administrator of the estate of Christ Schmidt. The incongruity of such a proceeding is seen at a glance. The situation now presented is that, if this action may be further prosecuted, the only person in existence entitled to the recovery is the infant child of the widow by her second husband. To avoid the evident incongruity of this situation, counsel argue that the widow's claim became a vested property right, and survives to her heirs under sec. 4253. This section provides that, "in addition to the actions which survive at common law, the following shall also survive, that is to say: actions for the recovery of personal property or the unlawful withholding and conversion thereof, actions for assault and battery or false imprisonment, or *other damage to the person*," etc. .

Kellett vs. Robie.

It will be observed that this action is not prosecuted to re-
cover for damages to the person of the deceased. As already
stated, it can only be maintained for the recovery of such
pecuniary loss as the widow sustained, and cannot, by the
broadest latitude of construction, be held to fall under the
clause " or other damage to the person," mentioned in the
statute. But it is unnecessary to prolong this discussion.
This court held in a very similar case that upon the death of
the real party in interest the action abated, and could not,
in absence of a statute saving the right, be further prose-
cuted. *Woodward v. C. & N. W. R. Co.* 23 Wis. 400. That
case is decisive of this appeal.

*By the Court.*— The order of the circuit court is, affirmed.