STAEFFLER, Administrator, Appellant, vs. THE MENASHA WOODENWARE COMPANY, Respondent.

111       483;
115       336;
60 LRA   591

*September 25 — October 15, 1901.*

*Limitation of actions*: *Personal injuries resulting in death.*

Subd. 3, sec. 4224, Stats. 1898 (providing that "an action brought by the personal representatives of a deceased person to recover damages, where the death of such person was caused by the wrongful act, neglect or default of another," must be commenced within two years after the cause of action accrued), applies to an action for injuries to the person of the deceased, which survives under sec. 4253, as well as to an action to recover for the benefit of his surviving relatives under secs. 4255, 4256, Stats. 1898.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

*J. C. Kerwin*, for the appellant.

For the respondent there was a brief by *Felker, Stewart & McDonald*, and oral argument by *F. C. Stewart*.

CASSODAY, C. J.    This action is brought to recover damages for injuries sustained by the plaintiff's intestate, Christ. Schmidt, while in the employ of the defendant as fireman, July 1, 1894, and from which he died five hours afterwards.

It appears from the statement of the case by the plaintiff's attorney, in effect, that the defendant had, a long time previous to the injury in question, constructed a system of pipes and coils for the condensation of exhaust steam and eventually returning it as hot water to a well or condenser near the boilers. This condenser had been in use several months, and was constructed by the defendant's workmen by cutting off about eight feet in length of an old boiler, having on the inside two circular holes about twelve inches in diameter in the lower half thereof, and an elliptical manhole about the same size in the upper half thereof, each of such holes having an opening in the original head of such section of the boiler. The manhole had been closed by a boiler-iron plate when used as a boiler, and also when used as a condenser. The flue holes were filled with plugs or plates of wood made in two halves, of three-inch oak, planed down on both sides and beveled to fit the perimeter of the flue holes, and across the inside of these wooden plates were placed two iron straps or small plates, the length of the diameter of the wooden plate, having four bolts to the outside through the plate, so that both halves could be drawn closer to the edge of the holes by means of a nut through which the bolts passed from the outside. The condenser had been so constructed by the defendant's engineer, and the head had been so put in by a boiler-maker hired for that purpose. The condenser so constructed was set in a little brick building 10x14 feet, in close proximity to the boilers. There were

three inlets through which the water entered the condenser, and there was a six-inch outlet from the condenser to the roof of the room, and thence extending some eighty feet to the river, in which it was immersed to the depth of about twenty-six inches at the time of the injury, and the vent or opening was reduced to four inches. There was also running from the condenser an inch and a half pipe upward and exhausting into the air.

The deceased had been employed by the defendant three years before his death as a "roustabout," doing manual labor of all kinds. After eleven months of such service, he had been made fireman at the large boiler. Nine months afterwards he was made head fireman, and continued as such until the time of his death. His duties were to keep steam and water in the large boiler, and to regulate the water in the condenser, being instructed to keep that half full. The condenser had been so constructed in the presence of the deceased, and had been used several months before the accident. Two months prior to the injury the engineer noticed that the wooden plugs or plates were in bad shape and dangerous, and five weeks before the injury he had notified the superintendent, but never warned the deceased.

About 9 o'clock on the evening of July 1, 1894, the deceased, the engineer, and the fireman were standing about thirty feet from the condenser when they heard a hissing noise as if steam was escaping. The deceased at once went into the fire room where the condenser was, and the other two then heard the noise of an explosion,— a dull sound. They thereupon attempted to follow the deceased, but could not for about ten minutes, by reason of the escaping steam and hot water. In the meantime they could not see the deceased, as he had gone out on the other side, and then came around in front where they were. He was terribly scalded, and his only words were "Take me home." He had the best of medical aid, but suffered greatly, and about

three hours afterwards lapsed into unconsciousness, and died about 2 o'clock the next morning, July 2, 1894.

Such proceedings were thereupon had that his widow, Anna, was appointed administratrix of his estate, and qualified as such September 13, 1894. In March, 1895, Anna commenced an action against this defendant, by service of summons, as such administratrix, to recover damages in consequence of such injuries and death. March 28, 1895, the defendant appeared by attorneys, and demanded a copy of the complaint. August 20, 1895, Anna was married to this plaintiff, C. W. Staeffler. November 25, 1896, her verified complaint was served in that action. December 28, 1896, Anna died intestate, leaving, her surviving, a child four months old and her husband. February 5, 1897, the defendant herein served an answer in that action. April 9, 1897, the plaintiff herein was appointed administrator of her estate, and qualified, and October 9, 1897, he was also appointed administrator of the estate of the deceased Christ. Schmidt, and qualified as such. October 30, 1897, as administrator of both estates, he sought to have that action revived in his name as administrator of the two estates, and to file a new and supplemental complaint. November 16, 1897, the defendant answered such petition. The order of the court denying such application was affirmed by this court April 12, 1898. Schmidt v. Menasha W. Co. 99 Wis. 300. February 24, 1899, this action was commenced. The venue being changed, and issue joined, and trial had, the court at the close of the testimony directed a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff appeals.

The view we have taken of this case renders it unnecessary that we should consider in this opinion the questions elaborately discussed by counsel, as to whether the condenser was reasonably safe and suitable for the purposes for which it was intended, or whether the deceased, Christ.

Schmidt, assumed the risk.    This action was not commenced until more than four years after his death.    The statute declares that "an action brought by the personal representatives of a deceased person, to recover damages, when the death of such person was caused by the wrongful act, neglect or default of another," must be commenced within two years after the cause of action has accrued.    Stats. 1898, secs. 4219, 4224, subd. 3.    This action was brought by such "personal representatives" to recover such damages in a case where it is alleged and proved, or sought to be proved, that "the death of such person was caused by the wrongful act, neglect, or default of" the defendant in this action. On the former appeal it was said by this court:

"Moreover, the action must be brought by and in the name of the personal representatives of such deceased person.    There is no authority for its maintenance by any other person."    *Schmidt v. Menasha W. Co.* 99 Wis. 302.

True, this court has recently held that "under sec. 4253, Stats. 1898, actions for injuries to the person survive, though death ensue from the injury," and that "the right of action for an injury to the person which survives under sec. 4253 is separate and distinct from the loss to surviving relatives recoverable under secs. 4255, 4256."    *Brown v. C. & N. W. R. Co.* 102 Wis. 137.    But that furnishes no ground for the contention that an action to recover damages for such injuries, in either case, need not be brought within the time prescribed by the statute quoted for bringing such actions.    As indicated, this action comes within the express language of the statutes.    Stats. 1898, secs. 4219, 4224, subd. 3.    We must hold that the action is barred by the statute of limitations.

*By the Court.*— The judgment of the circuit court is affirmed.