ROBERTSON, Administratrix, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

*April 20—May 10, 1904.*

*Death through negligence: Right of action: Nonresident beneficiaries: Foreign administrator.*

1. The right of action given by secs. 4255, 4256, Stats. 1898, for the benefit of relatives of a person whose death was caused by a wrongful act, neglect, or default, arises, as to a death so caused in this state, although the deceased and such relatives were all residents and citizens of another state.
2. The action in such case may be maintained in the courts of this state by the personal representative of the deceased, duly appointed in the state of his domicile.

APPEAL from an order of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to the complaint alleging, in effect, that during all the times therein mentioned the defendant was a corporation duly organized and existing under and by virtue of the laws of this state, and owned and operated a railway from Hudson, through Eau Claire, and through the village and station of Fairchild, to Elroy; that August 29, 1902, near Fairchild, aforesaid, the plaintiff's intestate, John Robertson, came to his death, he then being a resident and citizen of the county of Kent in the state of Michigan; that thereupon the probate

court of said Kent county duly appointed the plaintiff as administratrix of all of the estate of the said deceased; that the plaintiff thereupon qualified as such administratrix, and she brings this action as such; that at the time of the death of said John Robertson this plaintiff was, and still is, a resident and citizen of the county of Kent and state of Michigan; that a duly authenticated copy of the original letters of administration on the estate of the said John Robertson, so granted to the plaintiff, was duly filed in the county court of St. Croix county; that August 29, 1902, the said John Robertson was in the employ of the defendant as fireman upon the engine of one of the defendant's passenger trains then being operated by the defendant upon its said railway line; that while acting as such fireman on said train at the time mentioned, and in the vicinity of Fairchild, the said engine became derailed through the negligence of the defendant and its other servants; that in such derailment the said John Robertson received personal injuries which soon thereafter caused his death; that the deceased was not guilty of any contributory negligence in causing such injuries; that the cause of such derailment was the destruction of the defendant's roadbed at the time and place named; that all the earth and substance underneath the rails and ties to a considerable extent had been washed out; that such derailment occurred in a cut upon a curve of the defendant's railway track where the track was below the surface of the ground upon the sides thereof; that such roadbed and track had been reconstructed about two years before the accident; that the topography of the country was such as to cause large quantities of surface water to accumulate at the place in question, and the same was so accumulated at the time in question; that such accumulation was by reason of the defendant's careless and negligent and wrongful construction of such roadbed without proper waterways and culverts underneath the track and through the roadbed, and constructing the same of quicksand

and other materials which would not withstand the flow of surface water; that such derailment occurred about 11 o'clock p. m. on the day named, and after several hours of heavy rainfall; that another cause of such derailment was the negligence of the defendant's engineer in operating such engine, consisting in his failure to discover the defective condition of the roadbed in time to stop the engine and thus avoid the derailment; that another cause of such derailment was the negligent failure of the defendant's section foreman to inspect and guard the place in question and give signals of danger; that between the time of such reconstruction of the roadbed and such derailment the defendant knew of the conditions mentioned, and should have repaired the same; that the plaintiff is the widow of John Robertson, and in his death, so caused, damages have resulted to the plaintiff as his widow, and she has suffered pecuniary loss to the amount of $5,000 in the loss of his care, society, support, and services and the fulfillment of his obligations as a husband, and the plaintiff prays judgment for $5,000 damages and costs.

For the appellant there was a brief by *Pierce Butler* and *Frawley, Bundy & Wilcox,* and oral argument by *Mr. Butler.*

For the respondent there was a brief by *F. D. Larrabee* and *Jas. A. Frear,* and oral argument by *N. H. Clapp.*

CASSODAY, C. J. 1. Two grounds of demurrer are assigned. One is that the complaint does not state facts sufficient to constitute a cause of action. There is no claim that it states a cause of action which would have survived under sec. 4253, Stats. 1898. A cause of action which so survives has been held to be a cause of action possessed by the deceased person, and preserved for the benefit of his estate. *Lehmann v. Farwell,* 95 Wis. 185, 70 N. W. 170; *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 149, 153, 164, 171, 77 N. W. 748, 78 N. W. 771. In the case at bar the plaintiff claims the right to recover under secs. 4255, 4256, Stats. 1898. The mean-

ing of these sections has been made clear by recent decisions of this court. Thus it has been held that "the right of action given by" those sections "to certain beneficiaries therein named is personal, and the damages are limited to a mere indemnity for the pecuniary injury resulting therefrom to such beneficiary, and the action therefor does not survive the death of such beneficiary, but abates upon his death, and cannot be revived in favor of his administrator." *Schmidt v. Menasha W. Co.* 99 Wis. 300, 74 N. W. 797. So it has been held that:

"The liability created by sec. 4255, Stats. 1898, in case of the death of a person by an actionable injury for which such person could have recovered damages if death had not ensued is for the benefit of certain relatives of the decedent mentioned in sec. 4256, Stats. 1898, and in default of such relatives there is no liability." *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771.

In the same case it was held that

"The right of action for an injury to the person which survives under sec. 4253 is separate and distinct from the loss to surviving relatives recoverable under secs. 4255 and 4256."

See, also, *Stacffler v. Menasha W. Co.* 111 Wis. 483, 487, 87 N. W. 480; *McMillan v. Spider Lake S. M. & L. Co.* 115 Wis. 332, 336, 91 N. W. 979. This court has also held, in effect, that the amount recovered in such action constitutes no part of the estate of the deceased, but belongs to and must be paid over to the beneficiaries named in sec. 4256, Stats. 1898. *Hubbard v. C. & N. W. R. Co.* 104 Wis. 160, 164, 80 N. W. 454. That section of the statute declares that "the amount recovered shall belong and be paid over to the husband or widow of such deceased person, if such relative survive him or her." Sec. 4256.

Here it appears from the complaint that the husband was killed by the "wrongful act, neglect, or default" of the defendant, and that his widow survived him. Had they both been residents and citizens of this state at the time of his

death, and the administratrix had been appointed here, then, with the other facts alleged, there could have been no doubt of the right to recover. But it appears from the complaint that neither of them were residents or citizens of this state at the time of his death, but, on the contrary, it appears that both were citizens of and resident in Kent county in the state of Michigan at the time. The important question presented is whether the right of action is defeated merely because of such residence and citizenship in Michigan. For that reason counsel for the defendant claim that the action cannot be maintained, and in support of such contention rely largely on *McMillan v. Spider Lake S. M. & L. Co.* 115 Wis. 332, 91 N. W. 979. In that case the person was killed in Bayfield county in this state. He left no beneficiary referred to in the section of the statute cited, except his mother, who was at the time of his death, and for a long time prior thereto had been, a resident and citizen of Canada, and she never lived in nor became a citizen of this state nor of the United States. The action was brought by an administrator appointed by the county court of Bayfield county, and, in view of the fact that the action had no reference to the possession, enjoyment, or descent of property, it was held, in effect, that the sections of the statutes cited did not give to the mother, as such nonresident alien relative of one so instantly killed, or who died without conscious pain, a right of action for the loss sustained by reason of such death. It was there said:

"The question is not whether the legislature had power to give such right of action, but whether the sections relied upon did give such right of action."

It was there claimed, and this court, in effect, conceded, that the right to maintain the action had been given by the statutes in general terms, and was broad enough to include aliens. But the logic of the opinion is that this court would not, contrary to the general rule as held in England and this country, *presume* that the legislature intended to include

aliens. Quoting from the opinion of the court in a Pennsylvania case, where the facts were quite similar, it was there said:

"Our statute was not intended to confer upon nonresident aliens rights of action not conceded to them or to us by their own country, or to put burdens on our own citizens to be discharged for their benefit." *McMillan v. Spider Lake S. M. & L. Co.* 115 Wis. 337; 338, 91 N. W. 979, citing *Deni v. Penna. R. Co.* 181 Pa. St. 525, 528, 529, 37 Atl. 558.

But can that be truthfully said of the residents and citizens of the several states? Of course, the several states are bound together with constitutional obligations and restrictions as to each other not existing between them and foreign countries. Among other things, the courts of the several states are constantly giving effect "to the public acts, records, and judicial proceedings" of other states, and to the "privileges and immunities of citizens" of other states, in obedience to constitutional guaranties. Secs. 1, 2, art. IV, Const. of U. S. The right to maintain actions in the courts of this state for personal injuries happening in other states has repeatedly been sanctioned by this court. *Curtis v. Bradford,* 33 Wis. 190; *Eingartner v. Illinois S. Co.* 94 Wis. 70, 78, 79, 68 N. W. 664; *MacCarthy v. Whitcomb,* 110 Wis. 113, 122, 123, 85 N. W. 707; *Bain v. N. P. R. Co.* 120 Wis. 412, 98 N. W. 241, 242, 244. In this last case the plaintiff's intestate, while a resident and citizen of Douglas county, Wisconsin, and while in the employ of the defendant, was killed in Minnesota by the alleged negligence of the defendant; and it was held that the action was maintainable in a court of this state by the widow, who had been appointed administratrix by the county court of Douglas county, notwithstanding the right of action was given by the statutes of Minnesota. Such ruling is in harmony with the decisions of the supreme court of the United States. Thus it has been held by that court:

"A cause of action founded upon a statute of one state conferring the right to recover damages for an injury resulting in death may be enforced in a court of the United States sitting in another state if it is not inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced." *Texas & P. R. Co. v. Cox,* 145 U. S. 593, 604–606, 12 Sup. Ct. 905.

In that case Mrs. Cox brought the action in a federal court in Texas for the death of her husband, caused by the alleged negligence of the company in Louisiana, under a statute of that state giving the right of action. To the same effect, *Northern P. R. Co. v. Babcock,* 154 U. S. 190, 197, 198, 14 Sup. Ct. 978; *Stewart v. B. & O. R. Co.* 168 U. S. 445, 18 Sup. Ct. 105. These cases hold that Lord Campbell's act and similar statutes are not penal in their nature, but merely authorize a civil action to recover damages for a civil injury. As held in the last case cited, the purpose of such statutes "is to provide the means for recovering the damages caused by that which is in its nature a tort, and where such a statute simply takes away a common-law obstacle to a recovery for the tort an action for that tort can be maintained in any state in which that common-law obstacle has been removed, when the statute of the state in which the cause of action arose is not, in substance, inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced." Here there is no attempt to enforce a right of action under a statute of any other state. On the contrary, the plaintiff is here seeking to enforce, in the courts of this state, a right of action which she claims to have been created by and given to her by the statutes of this state. Certainly, the maintenance of such an action by a resident and citizen of another state is not inconsistent with any statute of this state, nor contrary to the public policy of this state.

The precise question is whether the plaintiff, as widow of the deceased, is included in the statute. As indicated, the right of action is given by the statutes in general terms, and

is broad enough to include residents and citizens of other states. In view of the relations and obligations between the several states and the rights and duties of the citizens of each, we think it may be fairly presumed that the legislature did intend to include among the beneficiaries mentioned in sec. 4256, Stats. 1898, residents and citizens of other states. It follows that the complaint states a good cause of action.

2. The other ground of demurrer is that the plaintiff has not legal capacity to sue. She brings this action in her representative capacity as administratrix of the estate of the deceased, appointed by a court in Michigan. It appears from the complaint that the deceased left no estate in Wisconsin to be administered. We agree with counsel for the appellant that the statute (sec. 3267, Stats. 1898) which authorizes executors or administrators appointed in any other state to prosecute or defend any action or proceeding relating to estates or property in this state is not broad enough to include this action, for the simple reason that the cause of action here sued upon is no part of the estate of the deceased husband, and that, if a recovery should be had, the money would belong to the widow and not the estate. Nevertheless, we are constrained to hold that the widow has the right to bring this action in her representative capacity as such administratrix. We base this conclusion upon the wording of the statute, which declares that "every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered shall belong and be paid over to the husband or widow of such deceased person, if such relative survive him or her." Sec. 4256, Stats. 1898. That section and the section immediately preceding created a new right of action, and imposed upon such personal representative a new duty. It appears from the complaint that a duly authenticated copy of the original letters of administration on the estate of the deceased, granted to the plaintiff by the probate court of Kent county, Michigan, was duly filed

in the county court for St. Croix county. Full faith and credit should be given to such judicial proceeding in the Michigan court. Sec. 1, art. IV, Const. of U. S.; *Murray v. Norwood,* 77 Wis. 405, 46 N. W. 499. Thus it appears that the plaintiff was duly appointed such personal representative. There are certainly adjudications authorizing her to bring this action as such representative. *Phillips v. C., M. & St. P. R. Co.* 64 Wis. 475, 25 N. W. 544; *Hutchins v. St. P., M. & M. R. Co.* 44 Minn. 5, 46 N. W. 79; *Findlay v. C. & G. T. R. Co.* 106 Mich. 700, 64 N. W. 732; *Morris v. C., R. I. & P. R. Co.* 65 Iowa, 727, 23 N. W. 143; *Brown v. L. & N. R. Co.* 97 Ky. 228, 30 S. W. 639. According to these adjudications, there can be no doubt but that such personal representative might have been appointed in this state.

The suggestion that, because the plaintiff was not appointed such representative in this state, she therefore is not amenable to the courts of this state, and hence might divert the amount recovered without being answerable therefor, is without merit. In that regard it is enough to say that as such personal representative she is answerable to the courts of Michigan, where it may be assumed the rights of the beneficiary will be protected. Besides, in this case the beneficiary and such personal representative is the same person, and hence there is no danger of such diversion. We must hold that the action is maintainable in the name of the plaintiff as such personal representative.

*By the Court.*—The order of the circuit court is affirmed.