# D. E. VORIS, Admr., Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 5, 1913.

1. **FOREIGN STATE: Cause of Action: Property: Administration.** A cause of action for damages for the death of an intestate in Iowa is property which will authorize the appointment of an administrator in that state.

2. **———: ———: ———: Estate: Assets: Trustee.** The sum to be received by an administrator for the negligent killing of an intestate in Iowa, is not assets of the estate, but belongs to the persons designated by the statute, and the administrator is a mere trustee to sue.

3. **———: ———: Operation of Trains: Carpenter: Coal Chute: Danger.** The statute of Iowa provided that an employee of a railway company could recover for the negligence of other employees when such wrong was "in any manner connected with the use and operation of any railway on or about which they shall be employed." A carpenter and other employees were engaged in building a coal chute in railroad yards. They lived in bunk cars in the yards, supplied by the railroad, about 600 feet from the chute. The carpenter needed his coat and some tools and went to the cars to get them, the way being over tracks. On his return while walking along a track he was killed by an engine. It was *held* that the question involved was divisible into two parts: One the negligent agency inflicting the injury, and the other the victim, and if the latter by his employment was exposed to the hazard and danger of the operation of the railroad, he was within the protection of the statute, though his employment was not in running or operating such road.

4. **———: ———: Iowa Statute: Contributory Negligence.** Under the statute of Iowa contributory negligence is not a defense, but only diminishes the damages in the proportion the jury may consider it bore to the cause of the injury.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis*, Judge.

AFFIRMED.

*Fred S. Hudson* for appellant.

(1) The law of Missouri does not authorize a foreign administrator to take charge of and administer the estate of a resident and thereby defeat claims and debts residents of Missouri may have against the estate.. Miller v. Hoover, 121 Mo. App. 574. (2) In Missouri damages recovered in a case of this sort are subject to the payment of intestate's debts. In Iowa they constitute a trust fund for certain beneficiaries. Tiffny on Death by Wrongful Act, sec. 40. (3) Nor could plaintiff have brought himself within the rule by taking out ancillary letters of administration in Livingston county. 18 Cyc. 1222; 11 Cyc. 689; Sec. 12, R. S. 1909; Sec. 18, R. S. 1909; Aley v. Railroad, 211 Mo. 474. (4) Under the Constitution of Missouri plaintiff cannot maintain this suit, nor can the Legislature enact a law in this State giving authority to so do. Constitution of Missouri, art. 6, sec. 34; State ex inf. v. Equitable Loan Co., 142 Mo. 325; Vail v. Dinning, 44 Mo. 210; Railway v. Gildersleeve, 219 Mo. 170; Slaats v. Railroad, 129 N. W. 63; Foley v. Railroad, 64 Iowa, 644; Schroeder v. Railroad Co., 41 Iowa, 344; Potter v. Railroad, 46 Iowa, 399; Smith v. Railroad, 59 Iowa, 73; Malone v. Railroad, 65 Iowa, 417. (5) It was the duty of deceased, Jones, to keep a lookout, as under the Iowa law and decisions the public cannot gain the right to travel up and down the track. Their courts draw a sharp distinction between the right of crossing the track by user and the right to go lengthwise of the track. Richards v. Railroad, 81 Iowa 426; Thomas v. Railroad, 103 Iowa, 649; Wagner v. Railroad, 122 Iowa, 360; Booth v. Railroad, 126 Iowa, 8. (6) Jones's actions contributed to his death, and under all the circumstances and evidence in this case he cannot recover. Slaats v. Railroad, 129 N. W. 63.

*Frank W. Ashby* and *Scott J. Miller* for respondent.

(1) Plaintiff, as administrator regularly appointed by the State of Iowa, can sue the defendant railroad company anywhere in Missouri where it has a station agent. Sec. 1737, R. S. 1909; Lessenden v. Railroad, 238 Mo. 259; State ex rel. v. Grimm, 239 Mo. 179; Sec. 225, Iowa Code 1897. (2) Damage accruing from a wrongful act, under the Iowa law, is to be disposed of as personal property belonging to the estate of the deceased, and an administration must be taken out thereon. Sec. 3313, Iowa Code 1897. (3) It was the duty of the railroad's engineer to keep a lookout for Jones, the deceased, for the reason that Jones was where the company put him, and was not a trespasser and was on the part of the track in his regular work where he was supposed to be. Ferrell v. Railroad, 123 Iowa, 692; Purcell v. Railroad, 117 Iowa, 67; Donaldson v. Railroad, 18 Iowa, 288.

ELLISON, P. J.—Plaintiff was appointed by the probate court of Linn county, Iowa, administrator of the estate of Harvey Jones, a resident of Missouri, but who was killed in Iowa by being run over by one of defendant's engines. As such foreign appointed administrator he brought this action in this State for damages arising from the death of his intestate, and recovered judgment in the trial court.

Deceased was employed by defendant as a carpenter and at the time of his death was engaged in building a coal chute. His work was in the railway yards, about six hundred feet from cars in which he "bunked" and kept his "personal belongings." He left his work for the car to get his coat, and, as the evidence tends to show, some tools, and in returning walked along the track and was approached from behind and run over and killed by an engine in charge of one of defendant's engineers. Defendant says that

he was riding on the pilot of the engine and fell off, but we must accept as the fact that which any evidence for plaintiff tends to prove. In view of such consideration we need not consider defendant's contention that deceased had no right to be on the engine and that it was not liable, because he was killed at a place he ought not to have put himself.

Plaintiff bases his cause of action under the law of Iowa, and defendant contends that that law (Sec. 225, Iowa Code, 1897) only authorizes the appointment of an administrator for a nonresident who dies leaving personal property in that State. That section declares that administration may be granted on the estates of nonresidents "who die leaving property within the county subject to administration." We decided in Williams v. Railroad, 169 Mo. App. 468, that a cause of action for damages for the death of the father, was property, and it is admitted that such is the law. But it is said that because the cause of action accrued in Iowa it must be prosecuted there. We are not of that opinion. It is also said that to permit such action is to allow an administrator in Iowa to withdraw the assets of an estate from resident creditors in Missouri where the intestate resided. Both these suggestions were answered against defendant's view in Kelly v. Railroad, 141 Mo. App. 490. The statute of this State permits the foreign administrator to sue: Secs. 1737, 1738, R. S. 1909. The right of action in cases like this is not an asset of the estate. The administrator is authorized to sue for the damages, not for the estate but for the parties entitled to the judgment. He is a trustee.

On the merits of the case we have to consider whether under the statute of Iowa and the decisions of the Supreme Court of that State construing it, the evidence brought the case within the terms of the statute. The statute (Sec. 2071, Iowa Code) reads: "Every corporation operating a railway shall be liable

for all damages sustained by any person, including employees of such corporation, in consequence of the neglect of the agents, or by any mismanagement of the engineers or other employees thereof, and in consequence of the wilful wrongs, whether of commission or omission, of such agents, engineers or other employees, when such wrongs are in any maner connected with the use and operation of any railway on or about which they shall be employed. . . . ''

There are many decisions of the Supreme Court of that State construing the statute and applying it to a variety of cases. We need not discuss these in detail, for a full review of them will be found in Akeson v. Railway Co., 106 Iowa, 54, and Hughes v. Railway Co., 128 Iowa, 207. It will be seen from an examination of those cases that the question involved is divisible into two parts: One having reference to the negligent agency which inflicts the injury; and the other, the victim of such act. As to the agency inflicting the injury, it need not be the actual moving of engines or cars, though that had been stated in some cases. The agency may be that which ''is in any manner *connected* with the use and operation of the railway.'' So, as to the victim of the negligence, it had been stated in some cases that to be within the protection of the statute, he must have been employed in connection with the movement or operation of engines or cars. But it is said in the first of these cases (60, 62) that the statute is broader than that; and that it applies if the injury is received by one ''whose work exposes him to the hazards of moving trains, cars, engines or machinery on the track.'' That is to say, he need not be engaged in the work of moving trains, or in work connected with their operation, if his work exposes him to the hazard of such movement or operation.

In this case plaintiff's intestate, in working as a carpenter on the coal chute, was not engaged in run-

ning trains or in work connected with the operation of trains. But the evidence shows that the bunk cars were furnished to him and his fellows as their place to live and in which tools were kept, and that they were in the switch yards, about six hundred feet away; and that in going to and from these, he had to pass over and along the tracks. This we think necessarily exposed him to the hazard and danger which goes along with the running and operation of engines, trains and cars, and brought him within the meaning of the statute. [Hughes v. Railroad Co., supra.] The facts in that case were that Hughes was a carpenter who repaired cars, and his duty was to repair cars as they stood in the company yards among different tracks. He kept his tools, with the company's consent, in the end of a coal chute which he called his "shanty." The court states that "his work at times, at least, necessarily subjected him to the perils incident to the movement of cars, engines and trains." He was told to repair a certain car and went to his shanty for his tools, crossing tracks on the way. When he got his tools he started towards the repair track and on the way attempted to go between an engine and the coal chute, when the engine was started up without warning and he was injured. It was insisted that his employment was not such as subjected him to the hazards peculiar to the operation of railways and that he did not belong to the class intended to be protected by the statute. But the ruling was that he came within the meaning of the law. The court said (p. 212) that, "when plaintiff was injured he was in a place which exposed him to the hazard of moving trains." And answering the company's insistence that he was there for purposes of his own, that is, returning from his shanty with tools, the court declined that view and stated that if the company "did not wish to subject him to the perils of moving trains, it should have provided some other place for the storage of tools."

Defendant relies on Slaats v. C., M. & St. P. Ry.
Co., 149 Iowa, 735, a later case than those we have
just referred to. We think it not applicable. There
the plaintiff was a helper in the defendant's machine
shop and was injured in the shop while assisting in
changing the wheels of an engine as the same was
slightly moved by another engine to facilitate the work.
It was held that the rails in the shop on which the
engine rested did not constitute a railway within the
meaning of the statute and that the slight movement
of the disabled engine was not the operation of a rail-
way. That has no bearing on this case, from the fact
that it merely holds the negligent agency inflicting the
injury was not a railway, nor the operation of a rail-
way. While in this case it is clear the engine and
track in defendant's yards were a part of a railway
and that it was being operated by defendant's engi-
neer. Instead of the Slaats case qualifying the Ake-
son case, supra, it quotes from it and cites it with ap-
proval.

Under further provisions of section 2071 of the
Iowa statute, contributory negligence on the part of
a plaintiff is not necessarily, as a matter of law, a full
defense to an action. Such negligence serves to "di-
minish" the amount to be recovered "in proportion
to the amount of negligence attributable to such em-
ployee." This phase of the case was properly submit-
ted to the jury and defendant has no ground for com-
plaint on that score.

Defendant has suggested that the case for plain-
tiff, if any, would arise under the Interstate Commerce
Law enacted by Congress, and that therefore, as plain-
tiff has not based his case on that law, no cause of
action is stated in the petition. We do not consider
there is merit or substance in this point.

On the whole record the case was properly tried,
and we must affirm the judgment. All concur.