JOHN DEMATTEI, Administrator of the Estate of JOSEPH DEMATTEI, Appellant, v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, a Corporation.—139 S. W. (2d) 504.

Division Two, May 4, 1940.

*Mason & Flynn, I. R. Goodman* and *W. L. Mason, Jr.,* for appellant.

*Everett Paul Griffin* and *Carl S. Hoffman* for respondent.

TIPTON, J.—This is a suit for wrongful death of Joseph Demattei, age twenty-two, under Section 3262, Revised Statutes 1929. The petition alleges that his death was caused by the negligent operation of one of respondent's locomotives in Callaway County, Missouri; that the deceased was a resident of Franklin County, Illinois; that the plaintiff was duly appointed administrator by the Probate Court of Franklin County, Illinois; and that the deceased was never married, and left no descendents surviving him, but that he was survived by a dependent father, brothers and sisters. The trial court sustained a demurrer to the petition upon the ground that the plaintiff does not have legal capacity to sue. Appellant declined to plead further and final judgment was entered dismissing the petition. From this judgment the appellant has duly appealed.

The sole question for our determination is: Can a non-resident administrator maintain an action in the courts of this State for wrongful death of a non-resident where the death occurred in this State under such circumstances as to come within the provisions of Section 3262, Revised Statutes 1929?

Respondent contends this question must be answered in the negative because the administrator's powers as such do not extend beyond the boundaries of the State in which his letters of administration are granted. In other words, letters of administration have no extraterritorial force, and, therefore, the appellant could sue only in the courts of the State of Illinois. We have so ruled in cases applying to the property belonging to his intestate (see Emmons v. Gordon, 140 Mo. 490, 41 S. W. 998, 62 Am. St. Rep. 734), but we have never ruled the precise question before us. Respondent also contends that the facts in this case do not come within the provisions of Section 706, Revised Statutes 1929, where the right of a foreign administrator to maintain an action in this State is limited solely to cases where the cause of action has accrued under the laws of another State, and since the cause of action accrued in this State, the appellant does not derive any authority under this section to maintain this action.

There was no right of action for wrongful death at common law. [Clark v. K. C., St. L. & Chicago Railroad, 219 Mo. 524, 118 S. W. 40.] Such a cause of action is purely a creature of statute. "The statute gives the cause of action and points out the persons who may sue, and they, and they alone, can sue, and they must sue within the time prescribed by the statute." [Oates v. Union Pac. Ry. Co., 104 Mo. 514, l. c. 518, 16 S. W. 487, 24 Am. St. Rep. 348. See also Barker v. Hannibal & St. L. Railroad, 91 Mo. 86, 14 S. W. 280; Barron v. Mo. Lead & Zinc Co., 172 Mo. 228, 72 S. W. 534; Packard v. Hannibal & St. J. Railroad, 181 Mo. 421, 80 S. W. 951; Hennessy v. Bavarian Brewing Co., 145 Mo. 104, 46 S. W. 966, 41 L. R. A. 385, 68 Am. St. Rep. 554; Clark v. K. C., St. L. & Chicago Railroad, supra.]

We must, therefor, look to the provisions of Section 3262, supra, to see who may maintain this action and for whose benefit the action may be maintained. The fourth condition under which an action may be maintained is as follows. "If there be no husband, wife, minor child or minor children . . . then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent. . . ."

Respondent would have us read into this section the word *domestic* before the word administrator. This we cannot do; the Legislature saw fit to use the word administrator and we cannot interlope the word domestic before it. That is a function of the Legislature. We have no right to usurp its functions. The meaning is plain and there is no room for construction that would have us read into this section the word domestic. The appellant is the only administrator of the deceased in existence, and to construe the statute to hold that he cannot maintain this action would be in direct contradiction of the words of the statute. [Dennick v. Central Railroad Co., 103 U. S. 11, 26 L. Ed. 439.] Should we uphold respondent's contention by reading into the statute the word *domestic* before the word administrator, or executor, it would be just as logical to read into the statute that the deceased must be a resident of the State of Missouri before such action may be maintained. We think the language here used is broad enough to include either a foreign or domestic administrator.

"The general rule is that an administrator cannot sue in his representative capacity in a state other than that which he was appointed, in the absence of an authorizing statute in the state where he sues. This, under the principle that letters of administration have no extraterritorial force, and upon the other principal that to permit the foreign administrator to sue might result in the exhaustion or diversion of local assets of the estate to the injury of local creditors. It is held everywhere, however, that a cause of action of the class here under consideration is not assets of the estate of the deceased, is not subject to the claims of creditors of the deceased, and is for the exclusive benefit of the persons designated as beneficiaries under the law which gives the right. [Jones v. K. C. Ry. Co., 178 Mo. l. c. 541; Miller v. Hoover, 121 Mo. App. 568; Kelly v. Railroad, 141 Mo. App. 490; Voris v. Railroad, 172 Mo. App. 125; Dennick v. Railroad, 103 U. S. 11; Railroad v. Babcock, 154 U. S. 190; Pearson v. Railroad, 286 Fed. 429; 24 C. J., p. 1130, sec. 2703.]" [Wells v. Davis, 303 Mo. 388, l. c. 401, 261 S. W. 58.]

The powers and duties to maintain the action given by Section 3262, supra, rests upon the administrator, whoever he may be, and "he does so, not for the use of the estate in general, but for the use of the beneficiaries named; he is; in effect, created by the stat-

ute a trustee of an express trust for the use" of the deceased's dependent father, brothers and sisters. [Jones v. K. C., Fort Scott & Memphis Ry. Co., 178 Mo. 528, l. c. 541, 77 S. W. 890, 101 Am. St. Rep. 434.] "Permitting a foreign representative to have a recovery which is not to be administered at all is not giving extraterritorial effect to the plaintiff's letters within the meaning of the rule in question. A rule designed only to prevent foreign administration of local assets . . . cannot be properly applied to assets of living people which are not to be administered at all." [Pearson v. Norfolk & Western Ry. Co., 286 Fed. 429, l. c. 431.]

"With regard to the right of a foreign representative to maintain an action for wrongful death in the jurisdiction in which the cause of action arose, the authorities are not in harmony, but the weight of authority is believed to support his right to do so." [8 R. C. L., p. 765, sec. 48.]

Some of the authorities sustaining our views are Robertson v. Chicago, St. P., M. & O. Ry. Co., 122 Wis. 66, 99 N. W. 433, 66 L. R. A. 919, 106 Am. St. Rep. 925; Memphis & Cincinnati Packet Co. v. Pikey, Admx., 142 Ind. 304; Wabash, St. L. & Pac. Ry. Co. v. Shacklet, Admx., 105 Ill. 364, 44 Am. Rep. 791; Pearson v. Norfolk & Western Ry. Co. supra; Dennick v. Central Railroad Co., supra; and Ghilain v. Couture (N. H.), 146 Atl. 395, 65 A. L. R. 553. Contra, see Hall v. Southern Ry. Co., 62 S. E. 899; and Vance v. Southern Ry. Co., 50 S. E. 860.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded. It is so ordered. All concur.