Evans, Administrator, Appellant, vs. Michelson and others, Respondents.

*October 15—November 10, 1942.*

For the appellant there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith.*

For the respondents there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, attorneys for Clark B. Habacher and the Northwestern Casualty Company, and by *Rieser & Mathys* of Madison, attorneys for Howard Michelson and the General Casualty Company, and oral argument by *Lawrence E. Hart* and *Clifford G. Mathys.*

MARTIN, J. It is conceded that this case is ruled in respondent's favor by *Staeffler v. Menasha Woodenware Co.* (1901) 111 Wis. 483, 87 N. W. 480, unless that case is now overruled. A brief reference to the history of the *Staeffler Case* seems necessary. It was preceded by the case of *Schmidt v. Menasha Woodenware Co.* 99 Wis. 300, 74 N. W. 797.

The Schmidt action was brought by the widow in her capacity as administratrix of her husband's estate. It was an action to recover under the death statute. The widow died and Staeffler was appointed administrator of her estate, also of the estate of Schmidt, and sought to have the action revived as administrator of both estates. The court held that since Mrs. Schmidt, the sole beneficiary under the statutory death action, was dead, the action abated. The application to revive was denied. Then Staeffler, as administrator of the Schmidt estate, commenced the action which is reported under the title of *Staeffler v. Menasha Woodenware Co., supra.* The complaint in that action shows that it was brought to recover the expenses for medicine, surgery, nursing, and burial. The complaint alleged damages : "By reason of such expenses and outlays and the pain and suffering the estate has suffered."

The case and briefs are in volume 671 of Cases and Briefs in the state law library. The appellants' brief designated the action as one brought by the plaintiff as administrator to recover for pain and suffering and for expenses of last illness and burial. In the *Staeffler Case, supra,* the action was not commenced until more than four years after death. The court held that the two-year statute of limitations was applicable to both the action for wrongful death and the action on the part of the estate to recover for pain, suffering, and expenses.

Sec. 330.21 (3), Stats., applies the two-year statute of limitations to "an action brought by the personal representatives of a deceased person to recover damages, when the death of such person was caused by the wrongful act, neglect or default of another." The instant action is one brought by the personal representative of the estate of the deceased. It is an action to recover damages. It is alleged that the death of Miss McPeak was caused by the wrongful acts of the individual defendants.

Appellant contends that we should now overrule the decision in *Staeffler v. Menasha Woodenware Co., supra.* That

opinion was rendered October 15, 1901. There is now applicable the rule that "when a statute has been construed by the highest court having jurisdiction to pass on it, such construction is as much a part of the statute as if plainly written into it originally." 59 C. J. p. 1036, sec. 613; *State ex rel. Heiden v. Ryan,* 99 Wis. 123, 74 N. W. 544; *Eau Claire National Bank v. Benson,* 106 Wis. 624, 82 N. W. 604; *Milwaukee County v. City of Milwaukee,* 210 Wis. 336, 341, 246 N. W. 447. In the latter case the court said:

"When a statute has been once construed by the court, it remains as construed until it is amended by the legislature or the construction given is modified or changed by the court. The statute under consideration has never been amended by the legislature since it was construed by the court, nor has the court ever in any way modified or limited the construction given. . . . The legislature by not amending the statute has accepted the statute with the court's construction incorporated therein."

Since the decision in the *Staeffler Case, supra,* is controlling, it will serve no purpose to discuss appellant's argument as to why that decision should be overruled.

*By the Court.*—Order affirmed.