**KASS v. GULF, MOBILE & OHIO R. R.**
Civ. A. No. 5457.

United States District Court
W. D. Missouri, W. D.

June 1, 1950.

Richard H. Koenigsdorf, Kansas City, Mo., for plaintiff.

Charles M. Miller, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant seeks to have judgment for costs against those for whose benefit the above suit was brought. It was a suit for an alleged wrongful death, under Section 3652, R.S.Mo.1939, Mo.R.S.A. It has been held that an action under this statute, as in this case, would be for the benefit of relatives and not for the administrator as such. Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S.W.2d 504.

It is specifically provided by Section 1421, R.S.Mo.1939, Mo.R.S.A., that a person to whose use an action is brought may be liable for the payment of costs. The language is: "* * * where a suit shall be commenced in the name of one person to the use of another, the person for whose use the action is brought shall be held liable to the payment of all costs." A verdict was returned in the case for the defendant and in view of the decisions as to the capacity in which plaintiff maintained suit it is the opinion of counsel for defendant that judgment on motion should be rendered against the persons for whose benefit the suit was instituted.

A careful reading of Section 1421 does not yield as broad an interpretation as urged by able counsel. As quoted, the statute says: "where a suit shall be commenced in the name of one person to the use of another, the person for whose use

the action is brought shall be held liable to the payment of all costs." This provision contemplates that the person to whose use the action is brought shall be named in the complaint so as to be, in a sense, a party to the action. 20 C.J.S., Costs, § 120, p. 360, offers a text to the effect "that no judgment for costs can be rendered against a person not a party to the suit; * * *." And this is followed by the further statement: "* * * that there must be express statutory provision to permit the awarding of costs against one not a party to the record."

█ If the defendant is entitled under any circumstances to a judgment for costs against parties not named in the record, it would be necessary to bring them into court by proper process. The statute under well recognized rules should be strictly construed. In re Green, 40 Mo.App. 491. A strict construction of the statute discloses that in order to render a judgment against a person for costs such person must be named as a beneficiary of the action. Another part of the statute says: "When any suit or proceeding, instituted in the name of the state or any county, on the relation or in behalf or for the use of any private person," then, under such circumstances, the private person named for whom the action is brought may be adjudged liable for costs.

█ It is a considered opinion that the defendant is not entitled to judgment for costs against parties not of record either by appropriate process or in any other way. The defendant, of course, would be entitled to judgment against Saul D. Kass, as administrator of the estate of Sophia Kass, deceased. The defendant already has this judgment.

Counsel has asked for an oral argument. If, upon reading this memorandum, counsel is still of the opinion that a hearing should be had, the same will be granted. An order will not be made on the motion until counsel for the parties indicate a desire for a further hearing.