CITY OF MILWAUKEE, Appellant,

STATE of Wisconsin, Plaintiff,

v.

James DYSON, Defendant-Respondent.

Court of Appeals

*No. 86–1961–CR. Submitted on briefs July 7, 1987.—Decided August 25, 1987.*
(Also reported in 413 N.W.2d 660.)

 ██

For the appellant the cause was submitted on the briefs of *Grant F. Langley,* city attorney, with *Scott G. Thomas,* assistant city attorney of counsel, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Jimmie G. Davison,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J. The City of Milwaukee appeals from an order requiring it to return to Willie Dyson, son of the defendant James Dyson, two guns seized during the execution of a search warrant. On appeal, the City argues that the trial court abused its discretion in ordering the return of the weapons. We disagree and affirm the trial court's order.

Following Dyson's plea of guilty to two felonies, he moved the court, pursuant to sec. 968.20, Stats., for an order directing the City to return the property (two guns and a suit) seized during the execution of a search warrant.

During the hearing on Dyson's motion, Dyson requested that the weapons seized be returned to his son, Willie, who had no criminal record. The City objected to Dyson's request arguing that because Dyson was a convicted felon, to return the weapons to him would violate sec. 968.20, Stats., and 18 U.S.C. sec. 922(h) (1982). The trial court rejected the City's argument, ruling that it would order the return of the

109

weapons if a document was executed turning over legal title in the guns to Dyson's son, Willie. Dyson and his son subsequently executed a purchase agreement transferring the ownership of the guns to Willie, and an order was entered requiring the City to return the guns to Willie.

On appeal, the City contends that the trial court's order violates secs. 968.20 and 941.29, Stats., and 18 U.S.C. 922(h) (1982). At issue is the interpretation of these statutes, which involves a question of law. When reviewing a question of law, we owe no deference to the trial court's conclusions.[1] In interpreting a statute our first recourse is to the language of the statute itself, and if the language of the statute is unambiguous, we may not resort to extrinsic aids for statutory construction. The test of statutory ambiguity is whether the statute is capable of being construed in two different ways by reasonably well-informed persons.[2]

We conclude that the statutes at issue[3] in this case are clear and unambiguous. We agree with the City

---

[1]*Crawford v. Whittow,* 123 Wis. 2d 174, 179, 366 N.W.2d 155, 157 (Ct. App. 1985).

[2]*Id.* at 179, 366 N.W.2d at 157–58.

[3]Sec. 968.20, Stats., states:

**Return of property seized.** (1) Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized or where the search warrant was returned. The court shall order such notice as it deems adequate to be given the district attorney and all persons who have or may have an interest in the property and shall hold a hearing to hear all claims to its true ownership. If the right to possession is proved to the court's satisfaction, it shall

that the statutes specifically prohibit a felon from receiving or possessing a firearm. Therefore, had the trial court ordered that the weapons be returned to

order the property, other than contraband or property covered under sub. (1m) or s. 948.165, returned if:

(a) The property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or

(b) All proceedings in which it might be required have been completed.

Sec. 941.29, Stats., states:

**Possession of a firearm.** (1) A person is subject to the requirements and penalities of this section if he or she has been:

(a) Convicted of a felony in this state.

(b) Convicted of a crime elsewhere that would be a felony if committed in this state.

(c) Found not guilty of a felony in this state by reason of mental disease or defect.

(d) Found not guilty of or not responsible for a crime elsewhere that would be a felony in this state by reason of insanity or mental disease, defect or illness.

(2) Any person specified in sub. (1) who, subsequent to the conviction for the felony or other crime, as specified in sub. (1), or subsequent to the finding of not guilty or not responsible by reason of insanity or mental disease, defect or illness, possesses a firearm is guilty of a Class E felony.

18 U.S.C. sec. 922(h) (1982), states, in relevant part:

(h) It shall be unlawful for any person—

(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

(2) who is a fugitive from justice;

(3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or

111

Dyson, we would have to reverse the trial court's order. However, that did not occur in this case.

In making its ruling, the trial court recognized that the weapons could not be returned to Dyson himself. However, the City contends that even though Dyson's son is now the owner of the guns, the City would still have to return the weapons to Dyson. According to the City, because the guns were on Dyson's property when they were confiscated, and because Dyson was the legal owner of the weapons when they were confiscated, the City has to first return the weapons to Dyson himself and not his son.

We find no support for the City's arguments in the statute. Under sec. 968.20(1), Stats., "[i]f the right to possession [of property seized pursuant to a search warrant] is proved to the court's satisfication, it shall order the property ... returned." There is nothing in the statute which requires the property to be returned to the person who was the legal owner, or on whose property the weapons were found, at the time it was confiscated. In this case, the trial court properly determined the right to possession, as evidenced by the court's requirement that a purchase agreement transferring ownership of the weapons be executed prior to the entry of its order, before ordering that the property be returned.

In addition, both sec. 941.29, Stats., and 18 U.S.C. sec. 922(h) (1982) simply prohibit a felon from receiving or possessing a firearm. Since Dyson's son was not a felon, neither statute prohibits him from receiving the weapons.

---

(4) who has been adjudicated as a mental defective or who has been committed to any mental institution;

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Based on the above, we conclude that the trial court did not abuse its discretion in ordering that the weapons be returned to Dyson's son.

*By the Court.*—Order affirmed.