IN RE the MARRIAGE OF: Eileen M. PIASKOSKI, Petitioner-Respondent,†

v.

Paul A. PIASKOSKI, Appellant.

Court of Appeals

*No. 88-1631. Submitted on briefs May 2, 1989.—Decided June 21, 1989.*

(Also reported in 445 N.W.2d 327.)

† Petition to review granted.

550

For the appellant the cause was submitted on the briefs of *Piaskoski & Norman,* with *Paul A. Piaskoski* of counsel, of Milwaukee.

For petitioner-respondent the cause was submitted on the briefs of *Nancy Phelps,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   Paul A. Piaskoski (Paul) appeals from an order that denied his motion for modification of support payments and the allowance of credit against his support arrearage. We reverse the trial court's order.

The facts are undisputed. Paul and his former wife, Eileen M. Piaskoski (a/k/a Eileen La Susa) (Eileen), were granted a divorce on April 7, 1986. Eileen was awarded custody of the couple's two minor sons; Ray, born February 27, 1972, and Tom, born March 30, 1977. Paul had custody of their daughter, Stephanie, born May 27, 1968. An adult son, Paul Jr., attended college. Paul was ordered to pay child support of $520 per month to Eileen for the couple's two minor sons.

Eileen remarried on November 1, 1986. Subsequently, Tom asked Paul if he could spend more time with Paul. At a motion hearing, Paul testified that Tom spent approximately 223 days at his home during 1987. He also testified that he provided transportation, food, clothing, and various other items for Tom.

On September 23, 1987, Eileen filed a contempt motion alleging nonpayment of child support by Paul.

On January 4, 1988, Paul filed a countermotion, seeking the transfer of custody of Tom to him, the "crediting, abating, or recouping [of] the support arrearage" to compensate him for expenditures for Tom and amounts paid by Paul on Eileen's behalf, and adjustment in the support payments. In its May 27, 1988 order, the trial court held that: (1) Paul was not in contempt because he complied with the court order in good faith; (2) under sec. 767.32, Stats., Paul was not entitled to a modification of child support; and (3) it was prohibited from cancelling or changing arrearage. *See* sec. 767.32(1m). On September 23, 1988, the trial court issued an order stating that Tom should continue to reside with Paul.

On appeal, Paul raises two issues: (1) whether the trial court abused its discretion when it failed to modify the child support payments; and (2) whether the trial court erred when it concluded that sec. 767.32(1m) prohibits it from giving credit against the support arrearage.

## CHILD SUPPORT MODIFICATION

The determination of child support is within the sound discretion of the trial court. *Edwards v. Edwards,* 97 Wis. 2d 111, 116, 293 N.W.2d 160, 163 (1980). An appellate court will uphold that exercise of discretion unless it was not exercised in accordance with accepted legal standards and the facts of record. *See Hampton v. State,* 92 Wis. 2d 450, 458, 285 N.W.2d 868, 872 (1979).

The trial court may modify support payments when there has been a substantial or material change in circumstances of the parties or the children. *Anderson v. Anderson,* 72 Wis. 2d 631, 649, 242 N.W.2d 165, 174 (1976). The party seeking the change must demonstrate that it is warranted. *See Miller v. Miller,* 67 Wis. 2d 435,

442–43, 227 N.W.2d 626, 630 (1975). The following factors are relevant to a change of circumstance determination: the age of the children, the parties' cost of living, the ability of the noncustodial parent to pay, the marital status of the parents, and the financial status of the parents and their spouses. *Id.* at 443, 227 N.W.2d at 630 (footnotes omitted). Section 767.32(1), Stats., states, *inter alia,* that "[a]ny change in child support because of alleged change in circumstances shall take into consideration each parent's earning capacity and total economic circumstances."

At the hearing on the motions, Paul testified that Tom spent approximately 223 days with him in 1987 and that he paid for Tom's expenses during that time. He also testified that at the time of the divorce, his gross monthly income was $2,085, and that at the time of the hearing, it had decreased to $1,825. Under the divorce judgment, Paul was obligated to pay child support of $520 to Eileen for both sons, although only Ray lived with her on a full-time basis. Eileen testified that she was remarried and that her spouse paid for one-half of the household expenses. Although her monthly income had not changed since the divorce, her expenses had decreased dramatically. At the time of the divorce, Eileen was obligated to pay a monthly mortgage payment of $1,200. After selling the house, her rent amounted to $787 per month. Furthermore, in addition to contributing one-half of the expenses, Eileen's spouse gave her $2,400 to cover other expenses. Finally, Eileen testified that she alone paid for Tom's tuition and books at a private school.

In its memorandum decision, the trial court failed to state its reasons for denying the modification. It simply found that "the standards outlined in [sec.] 767.32

[Stats.,] have not been met." Although the decision to modify child support payment is within the discretion of the trial court, that exercise of discretion is not the equivalent of unfettered decision-making. *See Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981). "A discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law." *Id.* In this case, the record demonstrates that the trial court failed to articulate and set forth the facts upon which it relied. We conclude that the trial court abused its discretion when it failed to modify the support payments. Paul established on the record a substantial or material change in circumstances.

## CREDIT ALLOWANCE

Paul next argues that he should be given credit against the support arrearage. At the time of the hearing, the support arrearage amounted to $4,063. In his motion, Paul requested that the trial court give him credit against his support arrearage for two bills that were assigned to him and support expenditures for Tom in 1987. In the divorce judgment, Paul was ordered to pay $320 of a $960 doctor's bill. However, because Eileen failed to pay the remaining portion, the doctor obtained a judgment against Paul for $640. Paul requested a $640 credit. Paul also asked for credit for a $382 oil company bill, which the trial court ordered him to pay but agreed to give him credit against his support obligation. Finally, Paul requested a $3,435.05 credit for support expenditures for Tom in 1987. Although Paul had physical custody of Tom for 223 days during 1987, Paul was required to pay Eileen child support of $260 per month for Tom.

The trial court held that sec. 767.32(1m), Stats., prohibited it from recalculating the arrearage based on a credit.

The application of a statute to a set of undisputed facts presents a question of law which we review independently without deference to the trial court. *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). The parties do not argue that sec. 767.32(1m), Stats., is ambiguous, and we conclude that reasonable persons could not understand the statute differently. *See City of Milwaukee v. Dyson,* 141 Wis. 2d 108, 110, 413 N.W.2d 660, 661 (Ct. App. 1987). Absent ambiguity, we are required to give the language in the statute its ordinary and accepted meaning. *DNR v. Wisconsin Power & Light Co.,* 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982).

Section 767.32(1m) states that "[i]n an action under sub. (1) to revise a judgment providing for child support, . . . the court may not *revise* the amount of child support . . . due prior to the date that notice of the action is given to the respondent, except to correct previous errors in calculations." (emphasis added). Section 767.32(1m) only prohibits the court from revising the amount of child support, it does not prevent the trial court from giving credit against support arrearage. Paul did not request a revision of the child support. We conclude that the trial court erred when it failed to credit the doctor and oil bills and the support expenditures on behalf of Tom against Paul's support arrearage.

*By the Court.*—Order reversed and cause remanded for further proceedings.