154 Wis.2d 612 (1990)
453 N.W.2d 897
IN the INTEREST OF C.A.K., a Person Under the Age of 18: C.A.K., Appellant,
v.
STATE of Wisconsin, Respondent-Petitioner.
No. 88-1155.
Supreme Court of Wisconsin.
Argued March 6, 1990.
Decided April 24, 1990.
*614 For the respondent-petitioner the cause was argued by Michael R. Klos, assistant attorney general, with whom on the brief was Donald J. Hanaway, attorney general.
For the appellant there was a brief by John M. Baker and Carr, Kulkoski and Baker, S.C., New Berlin, and oral argument by John M. Baker.
LOUIS J. CECI, J.
This case is before the court on the State of Wisconsin's petition for review of a decision of the court of appeals, In Interest of C.A.K., 147 Wis. 2d 713, 433 N.W.2d 298 (Ct. App. 1988), which reversed a nonfinal order of the circuit court for Waukesha county, Roger P. Murphy, Circuit Judge. The circuit court denied C.A.K.'s motion to dismiss two petitions alleging his delinquency, on the ground that the petitions were untimely filed. The dispositive issue before this court is whether the state's failure to comply with the procedures set forth in sec. 48.25(2)(a), Stats., which govern the filing of delinquency petitions against a juvenile, requires dismissal of the petitions with prejudice in this case. We conclude that the procedures set forth in sec. 48.25(2)(a) are mandatory and that the state surrendered its right to proceed against C.A.K. when it failed to follow those procedures in filing the petitions in this case. We therefore affirm the decision of the court of appeals which held that the delinquency petitions had to be dismissed with prejudice.
The facts of this case follow. On June 30, 1987, C.A.K., a seventeen-year-old minor, was taken into custody as a result of his alleged participation in a number of thefts of stereo cassette players and a radar detector from automobiles located in the cities of Wauwatosa, Brookfield, and Waukesha, Wisconsin. The offenses allegedly occurred on June 19, 20, and 22, 1987. On July *615 8, 1987, and on July 10, 1987, the Waukesha police department sent juvenile court referrals alleging C.A.K.'s involvement in the offenses to the Waukesha County Department of Human Services for intake inquiry, pursuant to sec. 48.24, Stats.[1] An intake worker interviewed C.A.K. on July 28, 1987. On July 30, 1987, the intake worker sent the juvenile court referrals to the Waukesha county district attorney's office, recommending that the state file petitions to initiate delinquency proceedings against C.A.K.
The Waukesha county district attorney's office received the juvenile court referrals on July 31, 1987. A secretary in the district attorney's office date-stamped the referral forms and calculated the twenty-day period within which the district attorney would be required to either file a delinquency petition, close the case, or refer the case back to intake for additional investigation, pursuant to sec. 48.25(2)(a). After calculating the twenty-day period, the secretary made a notation on the juvenile court referral forms, indicating that the district attorney's office would have to act on the referrals by August 20, 1987.
On approximately August 5, 1987, an assistant district attorney was assigned the C.A.K. case. After she *616 had reviewed the case, the assistant district attorney concluded that she needed additional information to file delinquency petitions against C.A.K. and to file petitions for waiver of juvenile court jurisdiction. On August 19, 1987, and on August 20, 1987, she wrote to two officers of the Wauwatosa police department and requested the information that was needed to file the petitions. In the letters, she stated that the officers needed to supply the requested information within twenty days of the date of the letters, pursuant to sec. 48.25(2)(a). She also stated that C.A.K. would turn eighteen in mid-September, 1987, and asked the officers to give prompt attention to her request so that delinquency petitions could be filed against C.A.K. before that time. The assistant district attorney received all the information she had requested by September 3, 1987.
On September 3, 1987, the state filed a delinquency petition against C.A.K. which alleged that he had committed three counts of theft, party to the crime. The state also filed a petition for waiver of juvenile court jurisdiction. On September 17, 1987, the state filed another delinquency petition against C.A.K. which alleged that he had committed three additional counts of theft, party to the crime. The state also filed an additional petition for waiver of juvenile court jurisdiction. On September 17, 1987, the circuit court conducted a plea hearing pursuant to sec. 48.30, Stats. At the hearing, C.A.K. entered a plea denying all the allegations contained in the petitions.
On October 8, 1987, C.A.K. filed a motion to dismiss the delinquency petitions with prejudice. The motion stated that the state failed to file the petitions within twenty days of the intake worker's recommendation to initiate delinquency proceedings as required by sec. 48.25(2)(a). The motion further stated that because the *617 time limit for filing the petitions had not been extended by the court and the petitions were not filed with a statement of the reasons for the delay, the delinquency petitions had to be dismissed with prejudice pursuant to sec. 48.25(2)(a). The motion alternatively stated that the state had intentionally delayed filing the petitions in order to ensure waiver of juvenile court jurisdiction, in violation of C.A.K.'s fourteenth amendment right to equal protection of the law. The circuit court heard the motion on February 26, 1988. The court denied the motion, ruling that the state's delay in filing the petitions was neither unreasonable nor intentional.[2]
On June 2, 1988, the circuit court held a hearing on the state's petitions for waiver of juvenile court jurisdiction. By orders entered June 9, 1988, the court granted the petitions for waiver.
The court of appeals granted C.A.K. leave to appeal the nonfinal orders denying his motion to dismiss and granting the state's petitions for waiver of juvenile court jurisdiction. The court of appeals concluded that the procedures set forth in sec. 48.25(2)(a) for the filing of delinquency petitions against a juvenile are mandatory. C.A.K., 147 Wis. 2d at 716-17. The court held that the state's failure to comply with those procedures required dismissal of the petitions filed against C.A.K. with prejudice. Id. at 718. Accordingly, the court of appeals reversed the nonfinal order of the circuit court which denied C.A.K.'s motion to dismiss. The State of Wisconsin petitioned this court for review of the decision of the court of appeals, which we granted.
Chapter 48, Stats., commonly referred to as the Children's Code, is a comprehensive legislative plan for *618 dealing with children in need of supervision and neglected, dependent, and delinquent children. State ex rel. Harris v. Larson, 64 Wis. 2d 521, 527, 219 N.W.2d 335 (1974). It is a chapter of carefully spelled-out definitions and procedures and enumerated powers. Id. This case concerns the interpretation of sec. 48.25(2)(a), which specifies the procedures which the district attorney is to follow in taking action on the intake worker's recommendation to initiate delinquency proceedings against a juvenile. That section provides, in relevant part, as follows:
[T]he district attorney ... shall file the petition, close the case, or refer the case back to intake within 20 days after the date that the intake worker's recommendation was filed. A referral back to intake may be made only when the district attorney ... decides not to file a petition or determines that further investigation is necessary. If the case if referred back to intake upon a decision not to file a petition, the intake worker shall close the case or enter into an informal disposition within 20 days. If the case is referred back to intake for further investigation, the appropriate agency or person shall complete the investigation within 20 days. If another referral is made to the district attorney ... it shall be considered a new referral to which the time limits of this subsection shall apply. The time limits in this subsection may only be extended by a judge upon a showing of good cause under s. 48.315. If a petition is not filed within the time limitations set forth in this subsection and the court has not granted an extension, the petition shall be accompanied by a statement of reasons for the delay. The court shall dismiss with prejudice a petition which was not timely filed unless the court finds at the plea hearing that good cause has been shown for failure to meet the time limitations.
*619 Section 48.25(2)(a) provides that the district attorney shall file a delinquency petition, close the case, or refer the case back to intake within twenty days after the date that the intake worker's recommendation was filed. Where, as here, the district attorney determines that additional information is necessary in order to file a delinquency petition, sec. 48.25(2)(a) explicitly sets forth three alternative procedures which the district attorney is to follow to obtain additional time for further investigation. First, the district attorney may refer the case back to the juvenile intake worker for further investigation within the twenty-day time limit. Second, the district attorney may seek court extension of the time limit upon a showing of good cause. Third, the district attorney may allow the time limit to run, file an untimely delinquency petition with a statement of the reasons for the delay, and obtain court approval of the delay at the plea hearing upon a showing of good cause.
The state argued to the court of appeals that the assistant district attorney had complied with the twenty-day time limitation set forth in sec. 48.25(2)(a) in filing the petitions at issue in this case. The state maintained that the assistant district attorney determined that she needed additional information in order to file petitions against C.A.K. and, therefore, wrote to the Wauwatosa police on August 19, 1987, and on August 20, 1987, to request additional investigation of the case. The court of appeals correctly ruled that the twenty-day time limitation set forth in sec. 48.25(2)(a) is a mandatory time limitation and that the assistant district attorney's direct request to the Wauwatosa police for further information was not a referral back to intake which tolled the time limitation from running. The court of appeals held that because the assistant district attorney did not seek a court extension of the statutory time *620 limit or file the untimely petitions with a statement of the reasons for the delay, the petitions had to be dismissed with prejudice.
In this court, the state concedes that the assistant district attorney's direct request to the Wauwatosa police for further investigation did not technically comply with the procedures set forth in sec. 48.25(2)(a) and that the petitions at issue in this case were, therefore, untimely. On this review, the state instead focuses its argument on the interpretation of that part of sec. 48.25(2)(a) which allows the state to proceed against a juvenile despite the failure to file a timely delinquency petition. Section 48.25(2)(a) states that if a petition is not filed within the time limit set forth in the statute and the court has not granted an extension, then the untimely delinquency petition "shall" be accompanied by a statement of reasons for the delay. The statute finally provides that the court "shall" dismiss an untimely petition with prejudice unless the court finds at the plea hearing that good cause has been shown for the delay.
The state argues that sec. 48.25(2)(a) evidences the legislature's clear intent to provide for the dismissal with prejudice of a petition filed beyond the mandatory twenty-day time limitation only when there is no good cause for the delay. The state maintains that where, as here, the district attorney believes in good faith that he or she has complied with the statutory time limitation and, therefore, does not apply to the court for additional time in which to file the petitions or does not file the petitions with a statement of the reasons for the delay, sec. 48.25(2)(a) must be construed to avoid the harsh result of dismissal of the petitions with prejudice. The state contends that the proper remedy in such a case is to allow the district attorney to amend the petitions, *621 pursuant to sec. 48.263, Stats.,[3] to state the reasons for the delay so that the circuit court may exercise its discretion to determine whether there was good cause for the untimely filing and, upon a finding of good cause, allow the state to proceed with prosecution.
[1-3]
In interpreting sec. 48.25(2)(a), we are guided by the express legislative directive that ch. 48, Stats., is to be construed to give paramount consideration to the best interests of children (sec. 48.01(2), Stats.) and by our own observation that the chapter reflects the legislature's desire to specifically define the authority of appropriate officers in cases involving children. Harris, 64 Wis. 2d at 527. We are further guided by two well-established principles of statutory construction. The first principle is that the enumeration of specific alternatives in a statute is evidence of legislative intent that any alternative not specifically enumerated is to be excluded. Id. The second principle is that the word "shall" is presumed to be mandatory when it appears in a statute, unless a different construction is necessary to carry out the legislature's clear intent. Karow v. Milwaukee *622 County Civil Serv. Comm., 82 Wis. 2d 565, 570, 571, 263 N.W.2d 214 (1978).
Section 48.25(2)(a) was created by ch. 300, sec. 35, Wis. Laws of 1979, effective May 15, 1980. The drafting records of the Wisconsin legislative reference bureau demonstrate that the twenty-day time limitation set forth in sec. 48.25(2)(a) was added to sec. 48.25, Stats., in order to harmonize that section with other sections of the Children's Code which prescribed time limits for the various procedures of the juvenile process. The drafting records further indicate that the statutory time limitation was added to sec. 48.25 because "the intake process [tended] to bog down when it [got] to the district attorney ...." the initial drafts of sec. 48.25(2)(a) provided that the only way that the district attorney could file a delinquency petition beyond the twenty-day time limitation was to seek an extension from the court upon a showing of good cause. Section 48.25(2)(a) was later amended during the drafting process to allow the district attorney to file a delinquency petition beyond the twenty-day time limitation by filing the petition with a statement of the reasons for the delay. The purpose of this amendment is clearly set forth in the drafting records, which state:
At their meeting, the District Attorney's Association expressed no major objection to a 20-day time limitation on their filing of petitions. However, they wanted a way of cases going forward, rather than being dismissed with prejudice, when an investigation is quite lengthy as sometimes happens in drug cases. This amendment would give them two options: they can apply to the court for an extension of their time limitation; or they can let the time limitation run and obtain court approval of their failure to meet the time limitation at the plea hearing.
*623 Thus, in creating sec. 48.25(2)(a), the legislature sought to alleviate the accumulation of juvenile cases at the district attorney's office in order to ensure the prompt disposition of cases involving children. To achieve this end, the legislature specifically prescribed a twenty-day time limitation within which the district attorney is to act on the recommendation of the intake worker to initiate delinquency proceedings against a juvenile. The legislature also specifically enumerated the procedures which the district attorney is to follow when unable to file a petition within the twenty-day time limitation the district attorney may either apply to the court for an extension of the time limit or may allow the time limit to run, file the delinquency petition with a statement of the reasons for the delay, and obtain court approval of the failure to meet the time limit at the plea hearing. The legislature finally provided, in mandatory language, that the failure to comply with the procedures specified in sec. 48.25(2)(a) requires dismissal of the petition with prejudice.
[4]
We conclude that the mandatory language of sec. 48.25(2)(a), when viewed in light of the purpose and history of that section, leaves little doubt that, in creating sec. 48.25(2)(a), the legislature intended to define and limit the authority of the district attorney to initiate proceedings against a juvenile beyond the twenty-day time limitation set forth in that statute. We further conclude that, by specifically enumerating the procedures which the district attorney is to follow when unable to file a delinquency petition within the twenty-day time limitation, the legislature intended to exclude any procedure not expressly authorized in sec. 48.25(2)(a). The amendment of an untimely petition after the plea hearing to state the reasons for the delay in filing is not *624 included as an acceptable procedure in the statute. Accordingly, we hold that, in failing to follow the procedures set forth in sec. 48.25(2)(a), the state surrendered its right to proceed against C.A.K., and the petitions filed in the instant case must, therefore, be dismissed with prejudice.
[5, 6]
We realize that the result we reach today may operate to frustrate the prosecution of juvenile cases even in those few situations in which the failure to comply with the procedures specified in sec. 48.25(2)(a) is inadvertent. However, we believe that to construe sec. 48.25(2)(a) to allow the amendment of a petition to state the reasons for delay after the plea hearing would thwart the clear intent of the legislature to ensure the prompt disposition of cases involving children. Where, as here, the child's interest in prompt disposition of a juvenile case is weighed against the state's interest in curing its unintentional noncompliance with the procedures set forth in sec. 48.25(2)(a) to proceed with prosecution, the child's interests are paramount and must prevail.
The state additionally argues that C.A.K. waived his right to challenge the timeliness of the delinquency petitions in this case because his motion to dismiss was filed twenty-one days after the plea hearing. The state maintains that sec. 48.297(2), Stats., provides that objections based on defects in the institution of proceedings under ch. 48, Stats., shall be raised not later than ten days after the plea hearing or are deemed to be waived. Our review of the record in this case reveals that the state's argument was not made in either the circuit court or the court of appeals. This court has repeatedly emphasized that we will not consider an argument raised for the first time on appeal or review. Brooks v. Hayes, 133 Wis. 2d *625 228, 241, 395 N.W.2d 167 (1986). We therefore decline to review the merits of the state's contention.
By the Court.The decision of the court of appeals is affirmed.
NOTES
[1] Under the procedures detailed in ch. 48, Stats., a juvenile who is alleged to be delinquent is initially referred to an intake social worker who conducts an interview of the juvenile to determine whether the available facts establish that the court has jurisdiction over the juvenile and to determine the best interests of the juvenile and of the public with respect to any action to be taken in the case. Section 48.24(1), Stats. If, on the basis of the interview, the intake worker determines that delinquency proceedings should be initiated, the intake worker refers the case to the district attorney with a recommendation that the state file a delinquency petition against the juvenile. Section 48.24(3), Stats.
[2] On September 24, 1987, C.A.K. filed a motion for substitution of judge, and a new judge was assigned to the case on October 14, 1987.
[3] 48.263. Amendment of petition. (1) Except as provided in s. 48.255(3), no petition, process or other proceeding may be dismissed or reversed for any error or mistake if the case and the identity of the child named in the petition may be readily understood by the court; and the court may order an amendment curing the defects.

(2) With reasonable notification to the interested parties and prior to the taking of a appeal under s. 48.30, the petition may be amended at the discretion of the court or person who filed the petition. After the taking of a plea, if the child is alleged to be delinquent, the court may allow amendment of the petition to conform to the proof if the amendment is not prejudicial to the child. If the child is alleged to be in need of protection or services, the petition may be amended provided any objecting party is allowed a continuance for a reasonable time.