STATE of Wisconsin, Plaintiff-Appellant,

v.

Francisco MATA, Defendant-Respondent. [Case No. 95–1336–CR] †

STATE of Wisconsin, Plaintiff-Appellant,

v.

Jose A. SIANEZ, Defendant-Respondent. [Case No. 95–1410–CR] †

Court of Appeals

*Nos. 95–1336–CR, 95–1410–CR. Submitted on briefs December 5, 1995.—Decided January 9, 1996.*

(Also reported in 544 N.W.2d 578.)

†Petitions to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *E. Michael McCann*, district attorney, and *Thomas J. McAdams*, assistant district attorney, of Milwaukee.

For the defendant-respondent Francisco Mata, the cause was submitted on the briefs of *Brennan, Ramirez, Wilmouth & Sesini*, with *Peter L. Ramirez*, of Milwaukee.

For the defendant-respondent Jose Sianez, the cause was submitted on the briefs of *Randall E. Paulson*, assistant state public defender, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SCHUDSON, J.   In these consolidated cases, the State of Wisconsin appeals from the trial court orders dismissing carrying concealed weapon charges against Francisco Mata and Jose Sianez. The trial court concluded that § 941.237(3)(d), STATS., permitting a tavern owner to go armed with a handgun in the owner's tavern, precluded prosecution of the tavern owner under § 941.23, STATS., for carrying a concealed weapon in the owner's tavern. We reverse.

The facts relevant to resolution of these appeals are undisputed.[1] The State charged Mata with committing three crimes on January 13, 1995, one of which was carrying a concealed weapon, in violation of § 941.23, STATS. In a separate case, the State charged Sianez with carrying a concealed weapon on February 24, 1995, in violation of the same statute. Each defendant moved to dismiss the weapon charge, arguing that he was the owner of the tavern where he was carrying the gun and, under § 941.237(3)(d), STATS., that he was permitted to do so.[2] The trial court agreed and dismissed the charges.

The State argues that the trial court erroneously concluded that the exemption for tavern owners under

---

[1] In Mr. Sianez's case, the State had argued in the trial court that "the facts and circumstances surrounding this incident are substantially different than [those in Mr. Mata's case]." The parties agree, however, that the principal legal issue on appeal in the two cases is the same. For purposes of the motions to dismiss in the trial court and for purposes of appeal, the parties agree that Mata and Sianez were licensees of Class B taverns where they were arrested and that they were carrying concealed handguns.

[2] For purposes of these appeals, it is undisputed that Mata and Sianez were tavern owners whose alleged offenses occurred on the tavern premises they owned.

§ 941.237(3)(d), STATS., effectively trumps the prohibition of carrying a concealed weapon under § 941.23, STATS. The State is correct.

Statutory interpretation presents a question of law, subject to *de novo* review. *City of Milwaukee v. Dyson*, 141 Wis. 2d 108, 110, 413 N.W.2d 660, 661 (Ct. App. 1987). When interpreting a statute, we first look to the language of the statute itself. *Id.* If the statutory language is clear and unambiguous, we do not resort to extrinsic aids for statutory construction. *Id.* Further, of particular significance here, "it is a basic precept of statutory construction that the legislature is presumed to act with full knowledge of existing laws." *State v. Roling*, 191 Wis. 2d 755, 763, 530 N.W.2d 434, 437 (Ct. App. 1995). Moreover, we will not assume that one statute revokes or repeals another statute by implication. *See State v. Struzik*, 113 Wis. 2d 245, 248, 335 N.W.2d 432, 433 (Ct. App. 1983).

With these solid standards in place, we consider the statutes at issue.

> **941.23 Carrying concealed weapon.** Any person except a peace officer who goes armed with a concealed and dangerous weapon is guilty of a Class A misdemeanor.
>
> **941.237 Carrying handgun where alcohol beverages may be sold and consumed.**
>
> . . . .
>
> **(2)** Whoever intentionally goes armed with a handgun on any premises for which a Class "B" or "Class B" license or permit has been issued under ch. 125 is guilty of a Class A misdemeanor.
>
> **(3)** Subsection (2) does not apply to any of the following:
>
> . . . .

**(d)** The licensee, owner, or manager of the premises, or any employe or agent authorized to possess a handgun by the licensee, owner, or manager of the premises.

Wisconsin law has prohibited carrying a concealed weapon since 1872. *See* Laws of 1872, ch. 7, § 1. Section 941.237, STATS., was enacted in 1993. *See* 1993 Wis. Act 95, § 2 and 1993 Wis. Act 491, § 260. Section 941.237 makes no reference to § 941.23.

■

Looking to the unambiguous words of § 941.23, STATS., it is clear that the statute applies to all persons with only one exception: peace officers. Further, it encompasses not only handguns, but all dangerous weapons that are concealed. Thus, under its express terms, a violation of the statute would be committed by a tavern owner carrying a concealed and dangerous weapon, including a handgun, even if the offense occurred in the owner's tavern. Mata and Sianez do not argue otherwise. They contend, however, that § 941.237(3)(d), STATS., carries them beyond the reach of § 941.23. The words of § 941.237(3)(d), however, refute their claim.

■

Looking to the unambiguous words of § 941.237(2), STATS., it is clear that the statute applies not to all dangerous weapons, but only to handguns. Further, it is clear that the statute applies not only to those who go armed with a concealed handgun, but rather, to "[w]hoever intentionally goes armed with a handgun" at a tavern, unless the person or the possession falls under one of the many exceptions of § 941.237(3), STATS. Nothing in § 941.237, however, permits a tavern owner to carry a concealed weapon. Thus, while § 941.237 allows a tavern owner to go armed with a

320

handgun on his or her tavern premises, it does not allow the tavern owner to go armed with the gun concealed.

We acknowledge Mata's and Sianez's argument that this strict statutory interpretation leads to what they consider a curious result: a tavern owner would be required to display a handgun in order to carry it lawfully on the tavern premises. They argue that this is absurd. Although we understand their point of view, we also acknowledge another equally persuasive argument: a tavern owner's display of a handgun may deter crime while concealment of the gun probably would not. We offer this observation not to address the question or take sides in this debate, but rather, to explain why we reject Mata's and Sianez's contention that strict statutory interpretation necessarily leads to absurd results. Their contention is debatable and perhaps appropriate for consideration by the legislature. "If a statute fails to cover a particular situation, and the omission should be cured, the remedy lies with the legislature, not the courts." *LaCrosse Lutheran Hosp. v. LaCrosse County*, 133 Wis. 2d 335, 338, 395 N.W.2d 612, 613 (Ct. App. 1986).

Therefore, we conclude that the trial court erred in dismissing the carrying concealed weapon charges against Mata and Sianez. Accordingly, we reverse the trial court orders and remand the cases for resumption of the prosecutions on these charges.

*By the Court.*—Orders reversed and causes remanded.