COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2294**

STATE OF WISCONSIN

Cir. Ct. No. 2019CM725

IN COURT OF APPEALS
DISTRICT I

IN RE THE RETURN OF PROPERTY IN

IN RE STATE V. MATTHEW R. DERZAY:

VILLAGE OF GREENDALE,

RESPONDENT,

V.

MATTHEW R. DERZAY,

PETITIONER.

APPEAL from an order of the circuit court for Milwaukee County:
JEAN M. KIES, Judge. *Reversed and cause remanded.*

Before Dugan, Graham and Donald, JJ.

¶1     DUGAN, J. Matthew R. Derzay appeals the circuit court's order denying the petition for return of property that Derzay filed pursuant to WIS. STAT. § 968.20 (2019-20).[1]  We conclude that the circuit court erred when it denied Derzay's petition and created an evidentiary standard not found in the statute when it required Derzay to prove ownership by clear and convincing evidence and submit a bill of sale or receipt to have firearms listed in the petition returned. Accordingly, we reverse that part of the circuit court's order dated December 3, 2019, denying Derzay's petition for return of property and remand for a hearing at which the circuit court can apply the proper standard to Derzay's petition.[2]

## BACKGROUND

¶2     In February 2019, Derzay was arrested and criminally charged for a domestic violence incident that occurred at his home involving Derzay and his wife. At the time of his arrest, officers seized a number of firearms from Derzay's house,[3] and when the criminal charges were dismissed, Derzay filed a petition to have those firearms returned.

¶3     The circuit court held two hearings addressing Derzay's petition. At the first hearing on October 22, 2019, the circuit court asked Derzay for "any

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] We note that the circuit court's order describes ten firearms listed as items one through ten.  The order provides that "[i]tems numbered 1-3 listed above shall be returned to the Petitioner …. Items numbered 4-10 shall properly be disposed of by the Village of Greendale Police Department[.]"  The return of items one through three are not a part of this appeal.

[3] Derzay disputes the number of firearms that were seized and need to be returned.  Ten firearms have been identified by the Village of Greendale, but Derzay contends that there are two additional firearms that were seized and have not been accounted for.  The number of firearms, however, is not material to the issue before us.

2

proof that those firearms actually belong to [him]." Derzay answered that "they were in my house" and he "told police exactly where they were" when he voluntarily surrendered them at the time of his arrest. Derzay also indicated that some of the firearms on the list were family heirlooms that dated back to the early 1900s and that he had inherited them from his grandfather. The circuit court replied that Derzay needed to show proof in the form of the bills of sale, receipts, the boxes that the firearms came in, or an affidavit stating that Derzay inherited the firearms.

¶4    The Village of Greendale (the Village) responded that it had run a trace on the firearms listed in Derzay's petition to identify who owned each firearm. The Village indicated that the trace showed that Derzay owned three of the firearms listed, but that the other firearms were traced to other individuals or no one at all. After considering the results of the trace, the circuit court said:

> [U]nder Wisconsin Statute Section 968.20, in order for me to actually return those firearms to you, you have the burden of proof to show that you are the owner or the rightful possessor of those firearms, and that's more than simply that they were in the house. That means that you have to show an ownership interest, like a bill of sale, a box, something to that effect.

¶5    Derzay was then sworn in and questioned by the circuit court regarding the ownership of the three firearms traced to him. In his testimony, Derzay confirmed that he was the rightful owner of the three firearms that the Village indicated, via the trace, belonged to him. However, the circuit court did not take testimony from Derzay regarding any of the other firearms listed. The circuit court found that Derzay had shown "by clear and convincing evidence" that three of the firearms belonged to him, and the circuit court ordered that those three particular firearms be returned to Derzay. As for the remaining firearms, the

circuit court set a second hearing at which Derzay could present proof other than "because I say so" that the remaining firearms belonged to him.

¶6      At the second hearing held on December 3, 2019, Derzay appeared with documentation for the remaining firearms on the list.  As described at the hearing, the documentation consisted of a prior petition in which the court ordered the return of the same firearms to Derzay, a letter allegedly signed by Derzay's wife indicating which firearms on the list Derzay had purchased, and an email from Derzay's mother indicating which firearms Derzay inherited.[4]  The Village argued that the documentation did not show that Derzay owned the remaining firearms and argued that Derzay had no bill of sale or receipt.  The circuit court agreed with the Village and found that Derzay needed proof in the form of a bill of sale or something more substantial than that the firearms were at his house.  Consequently, the circuit court entered another order stating that only the three firearms that were traced to Derzay could be returned to him.  The circuit court never took testimony at this second hearing from Derzay regarding the remaining firearms on the list.

¶7      On appeal, Derzay argues that the circuit court erred when it required him to provide a bill of sale or other documentation in order to have his firearms returned and required Derzay to prove a "right of ownership," instead of a

---

[4] This documentation is absent from the record, and we rely on the circuit court's description of these documents at the hearing.  On appeal, Derzay argues that what the circuit court and the Village described at the hearing as a letter and an email were signed affidavits or statements from Derzay's wife and mother.  The Village raises hearsay issues with these documents on appeal; however, we will not address any hearsay issue with Derzay's documentation because it was not raised by the parties below.  *See* *State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) ("The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal.").

"right of possession" as required by WIS. STAT. § 968.20(1g). Derzay further argues that he made a *prima facie* case of right to possession because the firearms were found in his home and he was able to identify their locations for the police. In response, the Village emphasizes that § 968.20(1g) requires that Derzay prove the right to possession "to the court's satisfaction" and argues that Derzay failed to meet his burden because the circuit court was not satisfied with the proof Derzay put forth. The Village further argues that Derzay proved "mere possession" instead of "right to possession."

## DISCUSSION

¶8     Pursuant to WIS. STAT. § 968.20(1), "[a]ny person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant … may apply for its return to the circuit court[.]" Along with additional requirements not at issue here, "[i]f the right to possession is proved to the court's satisfaction, it shall order the property … returned[.]" § 968.20(1g); *see also State v. Benhoff*, 185 Wis. 2d 600, 603, 518 N.W.2d 307 (Ct. App. 1994) (listing, as one of the elements of "the statute," "the person seeking return has a right to possession of the property"). A circuit court has discretion to grant or deny a petition filed under § 968.20. *See City of Milwaukee v. Dyson*, 141 Wis. 2d 108, 113, 413 N.W.2d 660 (Ct. App. 1987). However, the interpretation of § 968.20 is a question of law that we review *de novo*. *See id.* at 110.

¶9     Here, the circuit court required Derzay to produce a bill of sale or receipt to prove "by clear and convincing" evidence that Derzay owned the firearms that he requested be returned to his possession. In so doing, the circuit court applied the wrong burden of proof. Our supreme court has previously addressed the appropriate burden of proof in determining whether property sought

to be returned under WIS. STAT. § 968.20 was contraband.[5] ***Jones v. State***, 226 Wis. 2d 565, 586, 594, 594 N.W.2d 738 (1999). In ***Jones***, the court noted that a petition seeking the return of property under § 968.20 is a civil proceeding. ***Id.*** at 595. Thus, "the appropriate burden of proof in this civil matter, as with other civil actions, is proof by the greater weight of the credible evidence." ***Id.*** In other words, the applicable burden of proof for a proceeding under § 968.20 is one of a preponderance of the evidence, not clear and convincing evidence, and it was error to apply the more stringent burden of proof to Derzay's petition.

¶10 In applying the clear and convincing evidence standard, the circuit court required Derzay to prove his ownership by producing a bill of sale or receipt and took no testimony from Derzay regarding his claimed right to possession of the firearms. Simply put, the plain language of WIS. STAT. § 968.20(1g) does not require Derzay to produce a bill of sale or receipt to prove his right to possession. "When interpreting a statute, this court's goal is to discern the intent of the legislature, and to give it effect." ***State v. Perez***, 2001 WI 79, ¶13, 244 Wis. 2d 582, 628 N.W.2d 820. Thus, "[w]e decline to read into the statute words the legislature did not see fit to write." ***Dawson v. Town of Jackson***, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316. While a bill of sale or receipt no doubt can be used to fulfill the requirement to show right to possession, it was an erroneous exercise of discretion for the circuit court to conclude that the statute required such evidence. *See **Benhoff***, 185 Wis. 2d at 603 (noting that the right to possession element was satisfied by testimony from the petitioner with "no evidence to the contrary").

---

[5] In this case, the question before the circuit court was not whether the firearms were contraband, but instead, whether they should be returned under WIS. STAT. § 968.20.

6

¶11    We acknowledge that Derzay argues that the circuit court erred in denying the return of the firearms because he made a *prima facie* case of right to possession based on the firearms being found by the police in his house—he cites *Murray v. Norwood*, 77 Wis. 405, 46 N.W. 499 (1890), for support.  The Village counters that the location of the firearms in Derzay's house is more appropriately characterized as "mere possession" instead of the right to possession required by the statute.  We do not address whether the circumstances present here create a *prima facie* case of right to possession or, as the Village terms it, mere possession because we conclude that the circuit court failed to apply the proper standard as articulated in the statute in the first place.  *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).  We also make no conclusion on whether Derzay had the right to possession of the firearms listed in the petition and leave Derzay's right to possession for the circuit court to decide at the hearing on remand.

¶12    In sum, we conclude that the circuit court imposed the wrong burden of proof when it required Derzay to prove his right to possession by clear and convincing evidence and applied an evidentiary standard that is not found in the statute when it required Derzay to produce a bill of sale or receipt for the return of the firearms.  We reverse the circuit court's order, and we remand for the circuit court to hold a hearing at which it can apply the proper standard in assessing Derzay's petition for return of the firearms.

*By the Court.*—Order reversed and cause remanded for further proceedings.

Not recommended for publication in the official reports.

7